Terry L. WILSON, Plaintiff–Appellant,

v.

FIFTY SECOND DISTRICT COURT, Defendant–Appellee.

No. 02–1652.

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2002.

Before SILER and DAUGHTREY, Circuit Judges; and ALDRICH, District Judge.*

*ORDER*

Terry L. Wilson, a Michigan prisoner proceeding pro se and in forma pauperis, appeals the district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking twenty million dollars in damages, Wilson sued the Fifty Second Dis-

trict Court Prosecutor's Office. He alleged that a prosecuting attorney used false information to enhance a state criminal charge. The magistrate judge initially granted Wilson in forma pauperis status based upon his affidavit and prison account statement. The district court reviewed the complaint and ordered Wilson to show cause why the case should not be dismissed under the "three strikes" provision of the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(g). After considering Wilson's response, the district court revoked Wilson's in forma pauperis status and dismissed the case without prejudice. Wilson filed a notice of appeal and a pleading entitled, "Admission Requests Granted to Court's Order to Show Cause in Entitled Case." The district court construed the pleading as a motion for reconsideration, denied the motion, and granted Wilson in forma pauperis status on appeal.

In his timely appeal, Wilson appears to argue the merits of his complaint.

This court reviews de novo a district court's interpretation of the PLRA. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Upon review, we conclude that the district court properly denied Wilson in forma pauperis status and dismissed his complaint. The "three strikes" provision of the PLRA prohibits a prisoner from bringing a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the show cause order, the court listed eight previous cases

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

filed by Wilson that had been dismissed as frivolous, malicious, or for failure to state a claim. In response, Wilson invoked the imminent danger exception but did not elaborate. The district court denied Wilson in forma pauperis status because Wilson did not dispute that his prior cases were dismissed as frivolous, malicious, or for failure to state a claim, and he did not fall under the exception for prisoners facing imminent danger of physical injury. Wilson's arguments on appeal do not address the reasons for the district court's decision and thus fail to raise any grounds for reversal.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.