NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0514n.06
Filed: August 20, 2008

## No. 06-4472

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DANIEL L. RITTNER, SR., | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| LESLIE KINDER, CORRECTIONS CENTER | ) | |
| OF NORTHWEST OHIO, LINDA | ) | |
| SHAMBARGER, JIM DENNIS, and | ) | |
| SCOTT BRADBEE. | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**BEFORE: DAUGHTREY and MOORE, Circuit Judges and DUGGAN[*], District Judge**

**DUGGAN, District Judge**.  Plaintiff-appellant Daniel Rittner Sr. ("Rittner") appeals the district court's dismissal of his civil rights action pursuant to the "three strikes" rule in 28 U.S.C. § 1915(g).  This court finds that the district court's dismissal of Rittner's complaint was proper, as Rittner previously filed more than three lawsuits that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted and there is no suggestion that Rittner "is under imminent danger of serious physical injury."  We therefore affirm the district court's order.

## BACKGROUND

---

[*]The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 06-4472
Rittner, Sr. v. Kinder, et al.

Rittner, an Ohio prisoner, filed a *pro se* action against defendants-appellants

pursuant to 42 U.S.C. § 1983 on August 14, 2006.  On September 28, 2006, finding

that on at least five prior occasions Rittner filed civil actions that failed to state a claim

upon which relief could be granted, the district court issued an opinion and order

dismissing Rittner's complaint pursuant to 28 U.S.C. 1915(g).

Rittner now appeals that dismissal, contending that the district court incorrectly

found that he was not in imminent danger of serious physical injury.  Rittner also

contends that some or all of his prior actions were improperly dismissed.

## ANALYSIS

28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action or appeal if

the prisoner has "three strikes."  The statute reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under this section if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus under the statute, there is an exception to the three strikes

rule where the prisoner alleges that he or she is under imminent danger of serious

physical injury.  *Id*.

The allegations in Rittner's complaint do not warrant application of the imminent

danger exception in  § 1915(g).  While the Sixth Circuit has not defined the term

"imminent danger" for purposes of this section, other Circuits have held that to meet the

2

requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id*. Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are " 'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible.' " *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992)).

In his complaint, Rittner alleged that the defendants are preventing him from using the prison law library and from obtaining legal assistance and materials, have not properly processed his grievances, and have subjected him to threats and intimidation. Rittner contended that insufficient access to the law library and legal assistance and materials hindered his ability to file and/or prosecute certain lawsuits. There is no indication that Rittner faces imminent physical peril as a result of his alleged inability to file and/or prosecute lawsuits. While Rittner also alleged that he has been intimidated and threatened if he does not stop filing grievances, the examples he provided of such

"threats" and "intimidation" either do not constitute threats of physical injury,[1] are described with insufficient facts and detail to establish that he is in danger of imminent physical injury,[2] or are "irrational or wholly incredible."[3]

As indicated previously, Rittner also contends that some or all of the prior actions on which the district judge based his "three strikes" finding were improperly dismissed. The issue of whether Rittner's earlier cases were correctly dismissed, however, is not within the purview of this appeal and Rittner never appealed those decisions directly.

**CONCLUSION**

In summary, we find that the district court properly determined that Rittner was

---

[1]For example, Rittner alleged that the following response to one of his grievances constituted a threat and intimidation:

> The CCNO [Corrections Center of Northwest Ohio] Executive Director is not here to be your legal assistant. You are to work through your Case Manager and Ms. Shambarger as I have directed you in the past. This is frivolous. You are abusing the grievance procedures and my time. Cease and desist.

(Dist. Ct. Doc. 1, ¶ 47, quoting Ex. 15.)

[2]For example, Rittner alleged: "In considering the totality of the facts and information g[]athered by Plaintiff he had good reason to fear for his life. The intimidation was incredible. All the inmates in the unit were w[e]ll aware of the threats received from Dennis and his staff. (Dist. Ct. Doc. 1, ¶ 49.)

[3]For example, Rittner claimed that "the continued responses to his grievances" (i.e. denials, that his grievances are frivolous, and the he must stop abusing the grievance process) "lead [him] to fear for his life." (Dist. Ct. Doc. 1, ¶ 48.) Rittner also alleged that a private investigator working for him "firmly warned [him] of the threats against him made by Dennis" and advised him: "YOU NEED TO STOP MAKING COMPLAINTS, YOU ARE GOING TO GET HURT." (*Id.*, ¶ 62.)

subject to the three strikes rule and that his complaint failed to suggest that he was

"under imminent danger of serious physical injury."  Therefore, we **AFFIRM** the district

court's order dismissing Rittner's complaint pursuant to § 1915(g).