File Name: 11a0181n.06

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 08-2602**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 28, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| Jerry Vandiver, | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Doug Vasbinder, Warden, et al., | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| | ) | |

BEFORE:    KEITH, MERRITT, and MARTIN, Circuit Judges

**MERRITT, Circuit Judge.**  Jerry Vandiver, a prisoner, challenges the district court's dismissal of his civil rights complaint pursuant to the "three strikes" provision of the Prison Litigation Reform Act ("the Act"). Vandiver on appeal maintains he falls under the imminent danger exception applicable to that provision. We conclude that his pro se complaint, appropriately construed, sufficiently pleads a presently existing imminent danger, and therefore **REVERSE**.

**I.**

Vandiver filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that he was denied medical treatment in retaliation for his First-Amendment-protected speech activities while incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan ("Jackson facility"). Vandiver, who is diabetic and suffers from Hepatitis C, claimed that he was denied health care in

retaliation for speaking out "concerning prisoners health care needs" and "for seeking access to the courts." He named as defendants various officials at the Jackson facility, including its warden, its deputy warden, its health unit manager, and a nurse supervisor. At the time of the filing of the complaint, Vandiver had been transferred to the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan ("Muskegon Heights facility"). Nonetheless, his complaint alleges that he still "is not receiving proper treatment" at the new facility.

Defendants filed a motion to revoke Vandiver's in forma pauperis status (which the district court initially granted soon after Vandiver's complaint was filed) and dismiss his complaint pursuant to 28 U.S.C. § 1915(g). Defendants argued that Vandiver had filed three previous actions qualifying under the Act as "strikes" for being dismissed as frivolous or for failure to state a claim (a finding not contested in this appeal), and further that his complaint failed to allege imminent danger sufficient to qualify for the Act's exception. Defendants' motion was consolidated with similar motions filed in two other cases also filed by Vandiver within days of this one, and a magistrate judge issued a Report and Recommendation recommending that all three motions be granted and Vandiver's complaint in this case be dismissed without prejudice. Primarily focusing her analysis of imminent danger on one of the other two cases, the magistrate judge stated as to this case only the general conclusion that "there is no showing of imminent danger of serious physical injury." Over Vandiver's objection, the district court adopted the magistrate's Report and Recommendation in full, agreeing that Plaintiff "has shown no such danger." Vandiver appealed.

**II.**

28 U.S.C. § 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

(Emphasis added.)   Vandiver's first argument on appeal asks us to construe the exception in §1915(g)'s final clause quoted above as *not* requiring the defendant to demonstrate that he is in imminent danger at the time of the filing of the complaint in federal court, as every circuit to have considered the issue (including this one, in an unpublished decision) has read the statute.  *See Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003);  *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884–85 (5th Cir. 1998); *see also Rittner v. Kinder*, 290 F. App'x 796 (6th Cir. 2008) (unpublished decision).  His argument begins by contending that an inconsistency between the provision's tenses—concerning the "three strikes," the statute uses the past tense and the present tense in one phrase when it speaks of an action that "*was* dismissed on the grounds that it *is* frivolous, malicious, or fails to state a claim" (emphases added)—renders the statute ambiguous. He then proceeds to suggest that this ambiguity be resolved by reading the statute to require the defendant only to demonstrate that he was in imminent danger at the initiation of administrative remedies, the exhaustion of which are required by the Act in a separate provision.

*See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

We depart from Vandiver's argument at its first premise: we cannot agree that the statute is ambiguous. As the other circuits have recognized, the only tense used in the relevant clause—"unless the prisoner is under imminent danger of serious physical injury"—is the present, and so the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing. *See, e.g.*, *Malik*, 293 F.3d at 562–63 ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed."); *Ashley*, 147 F.3d at 717 ("As the statute's use of the present tense . . . demonstrates, an otherwise ineligible prisoner is only eligible to proceed [in forma pauperis] if he is in imminent danger *at the time of filing*." (emphasis in original)). A prisoner-plaintiff with three strikes falls outside the exception when he *was* in imminent danger but is no longer at the initiation of proceedings in federal court.

**III.**

Vandiver next contends that, even if § 1915(g) requires imminent danger to exist at the complaint's filing, he did in fact plead a presently existing imminent danger, and the district court erred in imposing a heightened "showing" requirement as to imminent danger at the pleading stage and therefore failed properly to consider the allegations in his complaint. We agree and find that Plaintiff's complaint can be fairly read to allege that he is still receiving improper care as of the complaint's filing and so qualifies for § 1915(g)'s imminent-danger exception.

The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading. *See* Fed. R. Civ. P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) (calling the imminent danger exception a "pleading requirement" and recognizing the logical consequence that "[f]requent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee"). As a pro se plaintiff, Vandiver is entitled to have his complaint liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks and citations omitted)). With these principles in place, an appropriate reading of his complaint suggests that it alleges, at least in part, a presently existing, continuing imminent danger: he alleges that he "*is* not receiving proper treatment" (emphasis added). Failure to receive adequate treatment for potentially life-threatening illnesses such as those suffered by Vandiver clearly constitutes "imminent danger" under the Act. *See Ibrahim v. District of Columbia*, 463 F.3d 3, 6–7 (D.C. Cir. 2006). It is unclear what standard the district court was applying when it stated that Vandiver had not "shown" imminent danger, but we hold that he sufficiently *alleged* it, and that is all that is required by § 1915(g).

**IV.**

For the foregoing reasons, we **REVERSE** the decision of the district court, and the case is **REMANDED** for further proceedings consistent with this opinion.