NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0501n.06

No. 10-1388

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*May 15, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| L.T. TUCKER, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| T. PENTRICH, et al., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | OPINION |
| _____ | ) | |

BEFORE: KENNEDY, GUY, and DONALD, Circuit Judges.

PER CURIAM. L.T. Tucker, a Michigan state prisoner, appeals a district court order dismissing a pro se complaint he filed pursuant to 42 U.S.C. § 1983. Tucker alleged in his complaint and motion to proceed *in forma pauperis* that on June 17, 2009, several employees of the prison where he was incarcerated assaulted him after he threatened to file a grievance against them. He alleged that the following threats occurred between the date of the assault and the filing of this suit on August 18, 2009:

- June 17, 2009: Defendants Pentrich and Kerkau came to Tucker's cell and "made 'threats' to cause me serious injury in the future."

- June 24, 2009: Defendant Kerkau used a pair of handcuffs to pull Tucker's arms out of the food slot and said, "as soon as you file that civil shit we are going to come in that cell and 'break' your 'arm' so that you can't write no more."

- June 26, 2009: While Tucker was writing his complaint in this case, Defendant Kerkau's friend came to Tucker's cell and said, "Kerkau told me to make sure you don't be filing shit in court, because as soon as things cool

> down we going to get you out of that cell real soon in a few weeks and 'kill your black ass.'"

- June 27, 2009: Defendant Pentrich came to Tucker's cell and said, "You know I work in this unit. I am going to beat your ass for that grievance you file crying how I kick your ass last time." "We going to get you for complaining so much."

- July 8, 2009: Defendant Pentrich told Tucker, "As soon as I come back from my leave next month me and my boys going to get you out that cell and fuck you up real good this time."

- July 13, 2009: Defendant Pentrich came to Tucker's cell and stated, "When I get you next time I am going to make sure I put your 'Jew' eye ball out."

Under the "three strikes" rule, a prisoner who has filed three or more previous complaints that have been dismissed as frivolous, malicious, or for failure to state a claim cannot proceed *in forma pauperis* in any subsequent complaint unless he alleges imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The district court dismissed Tucker's complaint under the "three strikes" rule, noting that the complaint could be refiled with full payment of the filing fee. Tucker timely appealed. On appeal and through appointed counsel, Tucker concedes that he has at least three previous complaints that were dismissed as frivolous or for failure to state a claim. He argues, instead, that his complaint sufficiently alleged imminent danger of serious physical injury. We agree.

"The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 2011 WL 1105652, at *3 (6th Cir. March 28, 2011) (table) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003)). As a pro se plaintiff, Tucker's complaint is entitled to a liberal construction. *See id.* Tucker needs only to assert allegations of imminent danger; he need not affirmatively prove those allegations at

this stage of litigation. The allegations, though, must show a threat that is real and proximate, and the danger of serious physical injury must exist at the time the complaint is filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (quotation marks and citations omitted). Assertions that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm. *Id.* at 797-98.

While Tucker's complaint stems from a past incident of violence, his allegations of imminent danger do not rest solely on that incident. Instead, he asserts continuing threats after the incident related to the filing of a grievance or complaint about the incident.

Furthermore, Tucker's allegations are far from conclusory. He provides specific dates on which specific persons made specific statements. As the Second Circuit noted in *Chavis v. Chappius*, 618 F.3d 162, 170 (2010), "[a]n allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception."

Because we find that Tucker has sufficiently alleged in a non-conclusory manner that he is under imminent danger of serious bodily injury, we reverse and remand with instructions to allow Tucker to proceed *in forma pauperis*.