NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1290n.06

No. 10-6411

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Dec 14, 2012**

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JAMES WILLIAM TAYLOR;<br>a.k.a. Lufti Shafq Talal,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br><br>FIRST MEDICAL MANAGEMENT, (Director) Lois Deberry Special Needs Facility (Health Care Providers); F/N/U JONES, CO, Female Correctional Officer; F/N/U JONES, CO, Male Correctional Officer; BETTY THORTEN, L.P.N. II; MICHAEL L/N/U, House Nurse Supervisor; F/N/U BUCHANAN, R.N., House Nurse Supervisor; B.J. RHODES, R.N.; TONI L/N/U, House Nurse Supervisor; F/N/U MCNEAL; F/N/U SALCEDO, Doctors; MARK KING, Health Administrator; DEBRA JOHNSON, Deputy Warden; RONALD COLSON, Warden; DENNIS DAVIS, Grievance Board Chairperson; ALAYNA DUFFEL; SHEREEN HASSAN, Grievance Board Members; REUBEN HODGE, Warden, Assistant Commissioner, Operation, Tennessee Department of Correction; GEORGE LITTLE, Commissioner, Tennessee Department of Correction,<br><br>    Defendants-Appellees. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE<br><br>O P I N I O N |

BEFORE: MERRITT, McKEAGUE, and STRANCH, Circuit Judges.

**McKeague, Circuit Judge.** Plaintiff-appellant, James William Taylor, timely appeals the

district court order denying him *in forma pauperis* status. Taylor argues the district court erred in

determining that he had amassed three strikes under 28 U.S.C. § 1915(g) and that he had not pled

imminent danger of serious physical injury. The district court's determination prohibited Taylor

from proceeding *in forma pauperis*, which ultimately foreclosed Taylor's action. We reverse the

decision of the district court and remand.

**BACKGROUND**

Appellant James William Taylor is an inmate at Whiteville Correctional Facility in

Whiteville, Tennessee. On May 5, 2010, he filed a complaint against First Medical Management and

corrections employees of the State of Tennessee. Taylor brought his claim under 42 U.S.C. § 1983

alleging that the denial of pain medication and other post-surgery medical care constituted deliberate

indifference to his serious medical needs in violation of the Eighth Amendment. In conjunction with

his complaint, Taylor applied for *in forma pauperis* status. The district court initially granted

Taylor's application and referred the case to a magistrate judge for scheduling and pretrial motions.

On August 10, 2010, the magistrate judge issued a report and recommendation stating that

Taylor had amassed three strikes under 28 U.S.C. § 1915(g) and therefore could not proceed *in forma*

*pauperis*. There are four cases in question. The magistrate judge relied on three cases: *Talal v.*

*McVey*, M.D. Tenn. No. 1:96-cv-00187; *Stewart and Talal v. Pully*, M.D. Tenn. No. 1:96-cv-00195;

and *Talal v. Myers*, M.D. Tenn. No. 1:00-cv-00059.[1] The magistrate judge also noted that Taylor

had been the plaintiff in a fourth case, *Talal v. Little*, M.D. Tenn. No. 3:03-cv-00928, where Taylor

appealed the denial of his motion for a new trial after a jury found for the defendants. This court

---

[1]Taylor is also known as Lufti Shafq Talal, and he filed his previous suits under the name
Talal.

affirmed the denial in *Talal v. White*, No. 09-5707 (6th Cir. July 14, 2010). The magistrate judge did not indicate whether the *White* appeal counted as a strike.

Taylor filed untimely objections to the report and recommendation. In his objections, he argued that he had settled several of his claims in *Talal v. Myers*, and therefore, *Myers* should not count as a strike. He also argued that he should be permitted to proceed *in forma pauperis* because he was under imminent danger of serious physical injury at the time he filed his complaint.

On October 18, 2010, the district court considered Taylor's untimely objections and adopted the magistrate's report and recommendation. The district court noted that "the Court's review of [*Talal v. Myers*] shows that while Plaintiff settled some of his claims with certain defendants, the vast majority of his claims were dismissed for failure to state a claim." R. 103, Dist. Ct. Order at 2, Page ID # 330. The court found that Taylor had three strikes, counting *Myers* but not specifying what other cases constituted strikes. However, by adopting the magistrate's report and recommendation the district judge implicitly found that *Stewart v. Pully* and *Talal v. McVey* were strikes. The court also found that Taylor failed to plead imminent danger of serious physical injury. The court therefore denied Taylor *in forma pauperis* status.

Taylor now appeals this decision and argues that only *Talal v. McVey* should count as a § 1915(g) strike. Taylor argues for the first time on appeal that *Stewart v. Pully* does not count as a strike. Taylor also alleges that he was under imminent danger of serious physical injury, entitling him to proceed *in forma pauperis* even if he had three strikes.[2]

---

[2]Taylor also argues that he has stated a claim upon which relief may be granted. This issue was not argued in the district court, and we therefore refrain from analyzing it.

No. 10-6411
*Taylor v. First Medical Management, et al.*

**ANALYSIS**

The Prisoner Litigation Reform Act (PLRA) governs civil rights actions brought by prisoners. The PLRA grants prisoners *in forma pauperis* status under certain circumstances, unless the prisoner

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915(g). If the plaintiff has three prior cases meeting this standard—or, in other words, if the plaintiff has "three strikes"—*in forma pauperis* status will be denied unless the plaintiff alleges that he is under imminent danger of serious physical injury. *Id.*

We review the denial of *in forma pauperis* status for abuse of discretion. *Pointer v. Wilkinson*, 502 F.3d 369, 372 (6th Cir. 2007). We employ de novo review, however, for questions of law under the PLRA. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). What constitutes a strike under § 1915(g) is a question of law.[3]

---

[3] No published decision of this circuit has held that de novo review is appropriate in the circumstances presented by this case. An unpublished order, however, in this circuit supports de novo review of what prior litigation constitutes a strike, *Wilson v. Fifty Second Dist. Ct.*, 49 F. App'x 610 (6th Cir. 2002), as does published authority in other circuits. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011); *Tolbert v. Stevenson*, 635 F.3d 646, 649 (4th Cir. 2011); *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010); *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007); *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Dupree v. Palmer*, 284 F.3d 1234, 1235 (11th Cir. 2002).

- 4 -

### *A. Imminent Danger*

Because it could obviate the need to determine whether Taylor has three or more strikes, we first consider whether he falls within the exception to the three-strikes rule—the imminent-danger exception. In *Rittner v. Kinder*, this court relied on precedent from the other circuits to define "imminent danger." 290 F. App'x 796, 797 (6th Cir. 2008). The court stated that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Id.* (internal quotation marks omitted) (citing *Ciarpaglini*, 352 F.3d at 330; *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (stating that the injury must be "presently existing" when the plaintiff files the complaint). Allegations of past dangers are insufficient to invoke the exception. *Rittner*, 290 F. App'x at 797-98. Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception. *Id.* at 798 (citing *Ciarpaglini*, 352 F.3d at 331; *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998)).

In addition, this court has previously held that the imminent-danger exception is a pleading requirement subject to the ordinary principles of notice pleading. *Vandiver*, 416 F. App'x at 562 (citing Fed. R. Civ. P. 8(a)(2)). In *Vandiver*, the plaintiff suffered from hepatitis C and diabetes. *Id.* at 561. The plaintiff alleged that he was not receiving proper treatment because he had spoken out against prison officials. *Id.* He alleged in the facts of his complaint that he "is not receiving proper treatment." *Id.* The district court found that the plaintiff had failed to plead imminent danger, but this court disagreed. The court liberally construed the plaintiff's complaint because he was proceeding pro se. *Id.* at 562 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2004)). The court then

held that the plaintiff pled imminent danger in his factual allegations by stating that he "*is* not receiving proper treatment." *Id.* at 562-63.

To establish entitlement to proceed *in forma pauperis* based on imminent danger, Taylor must therefore show that his complaint alleged facts "from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that Taylor was under an existing danger at the time he filed his complaint. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009)). Taylor must bring forth more than just "'naked assertion[s] devoid of further enhancement.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (alteration in original)).

Taylor has failed to do this. The only mention of an ongoing injury occurs on a page discussing Taylor's current place of confinement where Taylor stated that "[a]ll parties continue to withhold my pain medication and disregarded all complaints." R. 1, Pl. Compl., Page ID # 7. In the factual section of Taylor's complaint the alleged wrongful conduct occurred between Sept 4, 2009, and October 26, 2009. All of the factual allegations focus on specific events between these dates. Therefore, Taylor failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint, and he is barred from proceeding *in forma pauperis* based on the imminent-danger exception. Accordingly, we proceed to the question of whether Taylor has three strikes.

### B. Three Strikes

### 1. *Talal v. McVey*

The parties do not contest that *Talal v. McVey* constitutes a strike. Therefore, we need only consider the other three cases.

2. *Stewart v. Pully*

Taylor did not contest that *Stewart v. Pully* constituted a strike below; therefore, the argument is not preserved for appeal. *See Smith v. Detroit Fed. of Teachers Local 231, Am. Fed. Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Id.* This rule "'preclud[es] appellate review of any issue not contained in objections [to the magistrate's report].'" *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986) (alteration in original) (quoting *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)). Taylor failed to object to the magistrate's finding that *Stewart* counted as a strike. Therefore, the issue was not preserved for appeal and *Stewart* counts as a strike. However, even if the argument had been preserved, *Stewart* would count as a strike.

In *Stewart*, Taylor joined with Stewart, a fellow prisoner, to bring claims against a number of defendants. The claims against all but three defendants were dismissed as frivolous. Taylor and Stewart then brought an amended complaint attempting to restore claims against four of the dismissed defendants, adding one claim against an additional defendant, and attempting to refine their prior claims. The amended complaint was accepted insofar as it refined prior claims, but all new claims were dismissed as frivolous. All of Taylor's remaining claims were dismissed for failure to state a claim. Stewart's claims against the original three defendants survived, and Taylor asserts that the claims were ultimately settled and voluntarily dismissed.

Section 1915(g) addresses claims by a "prisoner" and not collective actions: "the prisoner [who has] brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim . . . ." The plain language therefore contemplates that strikes be assessed to an individual prisoner applying for *in forma pauperis* status. Thus, actions should be determined and strikes allocated on a prisoner-by-prisoner basis.

Additionally, a holding otherwise would undermine the purpose of the PLRA: it would allow prisoners to join their cases in the hopes of finding one claim with merit among them, thereby avoiding strikes. *Cf. Pointer*, 502 F.3d at 375 (discussing purposes underlying PLRA). Though multiple plaintiffs may join together to form a single "action," Fed. R. Civ. P. 20(a)(1), as the Third Circuit recognized, joinder could be used as a way to avoid incurring strikes for frivolous actions. *See Hagan v. Rogers*, 570 F.3d 146, 154-55 (3d Cir. 2009).[4]

Accordingly, § 1915(g) covers an entire action brought by a prisoner, not the entire case brought jointly by prisoners. When multiple prisoners are joined under Rule 20, strikes may still be incurred for an individual prisoner's portion of the case if all of that prisoner's claims are dismissed for failure to state a claim, regardless of the outcome of the other litigants' claims. In such a situation, the action brought by the prisoner was dismissed, as described by § 1915(g).

Such is the case in *Pully*. Although Taylor's claims were joined with Stewart, the entirety of Taylor's claims were dismissed for § 1915(g) reasons. Therefore, even if the argument had been preserved *Pully*, would count as a strike under § 1915(g).

---

[4]At least one circuit has determined that § 1915 removed prisoners' ability to bring joint suits. *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001).

No. 10-6411
*Taylor v. First Medical Management, et al.*

3. *Talal v. White*

The district court's order and the magistrate's report and recommendation did not specify whether *White* counted as a strike. However, if it counts as a strike, we may affirm the district court on this basis. *See Frazie v. McGinnis*, No. 99-1164 1999 WL 1253054, at *2 (6th Cir. Dec. 16, 1999) (citing *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir. 1994)) (stating that a court may affirm the district court's judgment on any grounds supported by the record).

In *White*, Taylor brought constitutional claims under the First, Eighth, and Fourteenth Amendments. *Talal v. White*, No. 09-5707, at 2 (6th Cir. July 14, 2010). The case went to a jury, which returned verdicts for the defendants. *Id.* at 3. Taylor then moved for a new trial on the basis of withheld evidence and perjury, and moved for a transcript at government expense. *Id.* at 4 (citing 28 U.S.C. § 753(f), which allows a district court to grant a plaintiff's motion for a transcript at government expense by certifying that the appeal is "not frivolous (but presents a substantial question)"). After finding that the appeal did not present a substantial question, the district court denied the motion for a transcript at government expense. *Id.* The district court also denied the motion for a new trial. *Id.* On appeal this court held that the appeal did not present a substantial question and therefore denied the motion for a transcript at government expense. *Id.* The court then affirmed the district court's denial of the motion for a new trial. *Id.* The court held that Taylor's claims were unsubstantiated without a transcript, but did not rule out the possibility that Taylor could have prevailed on his appeal had he obtained the transcript and had it contained evidence of perjury. *Id.*

Section 1915(g) includes by its own language those appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The plain language seemingly limits the application of a strike to dismissals by only speaking of dismissals. 28 U.S.C. § 1915(g). Additionally, if an appeal were frivolous, the court would be required under 28 U.S.C. § 1915(e)(2)(B) to dismiss it. The other circuits presented with the question of whether an affirmance can count as a strike have held that a court should not impose a § 1915(g) strike for an appeal when the original appellate court declined to implicate § 1915(g) reasons. *See Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436-37 (D.C. Cir. 2007); *Ali v. Howard*, 353 F. App'x 667, 668 (3d Cir. 2009); *Owens*, 487 F.3d at 563; *Michaud v. City of Rochester*, No. 00-1263, 2000 WL 1886289, at *1 n.1 (1st Cir. Dec. 27, 2000); *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

The language of the opinion does not indicate that the court found the appeal to be frivolous. Because the court did not dismiss the case under § 1915(g), *White* does not count as a strike.[5] We move to the final case considered by the district court, *Talal v. Myers*.

4. *Talal v. Myers*

The district court determined that *Talal v. Myers* constituted a strike under § 1915(g). In that case, Taylor sued nine defendants. By agreed order, Taylor voluntarily dismissed claims against four

---

[5]There may be a narrow set of cases where it is inappropriate to apply a strict-textualist approach, such as where a court finds an action frivolous but then erroneously styles its dismissal as an affirmance. The D.C. Circuit contemplated such a scenario and referred to it as a constructive dismissal. *Thompson*, 492 F.3d at 436. *Talal v. White* does not present such a circumstance, and therefore, we refrain from analyzing whether this court should adopt the reasoning from *Thompson*.

defendants with prejudice. After Taylor voluntarily dismissed these claims, the district court

dismissed the remaining claims against three defendants for failure to state a claim and against two

defendants under Federal Rule of Civil Procedure 4(m) when these two defendants were not timely

served.

Taylor alleged below, and alleges now, that he voluntarily dismissed claims in *Myers* because

he obtained a settlement from the four dismissed defendants. The district court found that "the

Court's review of [*Myers*] show[ed] that . . . some of [the] claims [settled]." R. 103, Dist. Ct. Order

at 2, Page ID # 330. Despite finding that a settlement occurred, the court held that *Myers* counted

as a strike because "the vast majority of his claims were dismissed for failure to state a claim."[6] *Id.*

Based on this record, Taylor contends that *Myers* should not count as a strike under § 1915(g)

because (1) the case was dismissed in part for non-§ 1915(g) reasons and (2) the settlement of claims

prevents this court from holding that *Myers* was a strike under § 1915(g). However, if the district

judge correctly concluded that an action can count as a strike because some of the claims were

dismissed for § 1915(g) reasons, then we would not need to consider Taylor's arguments. Also, if

there were no evidence of a settlement, the district court should have considered what effect a

voluntary dismissal would have under § 1915(g). Before delving into the specifics of this case,

however, we begin by delineating the relevant areas of the law—the definition of action and the

effect of mixed dismissals, settlements, and voluntary dismissals under § 1915(g).

---

[6]Considering that nine claims were brought, the district court erroneously concluded that the "vast majority" of claims were dismissed for § 1915(g) reasons.

No. 10-6411
*Taylor v. First Medical Management, et al.*

a. Principles of Law

*i. Action Under § 1915(g)*

Section 1915(g) speaks of appeals and actions, but not claims. Action, as it is normally used within the pleading context, refers to the entire case or suit filed by a plaintiff. *See Tolbert*, 635 F.3d at 650-51. Thus, a plain reading of the statute would suggest that action refers to an entire action and not individual claims. The other circuits to address the issue agree with this conclusion. *See, e.g.*, *id.* (holding entire action must be dismissed for § 1915(g) reasons); *Turley v. Gaetz*, 625 F.3d 1005, 1008 (7th Cir. 2010) (same); *Thompson*, 492 F.3d at 432 (same); *Banks v. U.S. Marshal*, 274 F. App'x 631, 635 n.2 (8th Cir. 2008) (holding that entire action must be dismissed at least in part for § 1915(g) reasons).

Additionally, reading "action" to mean "claim" would undermine the purposes of the PLRA. This interpretation would deny *in forma pauperis* status to a prisoner who previously brought three actions, each of which contained a frivolous claim amidst several meritorious ones. Denying *in forma pauperis* status to a plaintiff with such a prior litigation history would undermine the purposes of the PLRA because the denial would not staunch the flow of frivolous litigation. Even if an action only has one meritorious claim amidst a sea of frivolous ones, the case cannot count as a § 1915(g) strike. As this and other courts have contemplated, if any of the claims have merit, then the case cannot count as a strike. *Pointer*, 502 F.3d at 375-76 (dicta); *Thomas v. Parker*, 672 F.3d 1182, 1183-84 (10th Cir. 2012) (dicta); *Thompson*, 492 F.3d at 432. The reason is simple: In these cases, the plaintiff has proved that the entirety of his action does not fall within § 1915(g).

*ii. Mixed Dismissals*

With the definition of "action" in mind, we turn to how district courts should interpret mixed dismissals under §1915(g). We begin with the most relevant Sixth Circuit case. In *Pointer*, the court held that a mixed dismissal counts as a strike where some claims are dismissed for reasons enumerated in § 1915(g) and others are dismissed without prejudice for failure to exhaust administrative remedies. 502 F.3d at 373. The court noted that failing to count an action as a strike because the plaintiff did not exhaust his administrative remedies with respect to some claims would subvert the purpose of the PLRA by allowing unexhausted claims to "inject merit into the action" where all other claims fail. *Id.* (internal quotation marks omitted). The court noted that the rule advanced by the plaintiff would allow prisoners to avoid obtaining a strike by merely appending one unexhausted claim. *Id.* The *Pointer* court therefore held that if an entire action was dismissed, at least in part for § 1915(g) reasons, and if none of the claims were found to have merit, then the action counts as a strike under § 1915(g).[7] *See id.* When the claims dismissed for non-§ 1915(g) reasons are dismissed without prejudice, the action counts as a strike unless the plaintiff proves the claims had merit by refiling any of them and proving that they do not fall within the gamut of § 1915(g). *See id.* at 376.

---

[7]Taylor contends that *Pointer* only extends to unexhausted claims; however, this reading is too narrow. The *Pointer* court did not focus on the unexhausted nature of the claims; rather, the court focused on the underlying purposes of the PLRA, the fact that none of the claims were found to have merit, and the fact that the entire action was dismissed. *Id.* at 373-74. Limiting the *Pointer* holding to unexhausted claims would contradict the reasoning and holding of that case.

Implicit in the *Pointer* holding is that the plaintiff bears the burden of proving that a prior action did not fall within § 1915(g).[8] When a prisoner's suit is dismissed partially under § 1915(g) and partially for other reasons, the claims dismissed for non-§ 1915(g) reasons might later have been dismissed as frivolous, malicious, or for failure to state a claim. And a prisoner should not be given the benefit of the doubt in these circumstances. Instead, when an action is dismissed in its entirety at least in part for § 1915(g) reasons, the plaintiff subsequently bears the burden of proving that the entire action did not fall under § 1915(g) by showing that claims dismissed without prejudice were not frivolous, malicious, or failed to state a claim. Absent a plaintiff later proving this, the action counts as a strike.

### iii. Settlement

We must also consider what effect a settlement would have on a three-strikes determination. To be sure, a settlement creates the possibility that a claim did not fall within § 1915(g). However, the mere fact of a settlement does not mean that the claim had merit or that it would have withstood scrutiny. Simply put, courts should not assume that a case has merit because it settled. Cases settle for many reasons and sometimes for reasons entirely unrelated to the merits of the case, and the mere fact of a settlement will *not* support a finding that the previous case would have withstood dismissal under § 1915(g). The plaintiff bears the burden of persuading the court that a case is not a strike,

---

[8]When, as in this case, a magistrate judge recommends that the plaintiff has three or more strikes, the plaintiff bears the burden of persuading the district court that the identified cases are not strikes. *See Thompson* 492 F.3d at 436; *Andrews*, 398 F.3d at 1120; *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811-12 (7th Cir.1998).

and therefore, he must prove that the claim would not have later been dismissed under § 1915(g).

A failure on plaintiff's part to prove this would result in the action counting as a strike.

*iv. Voluntary Dismissal*

Finally, we also consider what effect a voluntary dismissal will have for purposes of

§ 1915(g). A plaintiff cannot avoid incurring a strike by simply voluntarily dismissing a claim. This

rule would subvert the purposes of the PLRA: a plaintiff could guard against incurring strikes by

filing an action with a bogus claim and then voluntarily dismissing that claim, thereby allowing

inmates to easily avoid strikes even if all of their claims were meritless. And we will not assume that

a voluntary dismissal with prejudice means that a case had merit.[9]

b. Application

We must now apply these abstract principles to the facts of this case. We hold initially that

the district court erred in concluding that an action counts as a strike because some of the claims

were dismissed under § 1915(g). Because § 1915(g) refers to an entire action and not individual

claims, a court cannot impose a strike simply because some of the "claims were dismissed for failure

to state a claim"; instead, the district court should have considered whether the alleged settlement

---

[9]Taylor argues that we should adopt the reasoning from the Fourth Circuit's *Tolbert* decision. The *Tolbert* court imposed a categorical rule that if a plaintiff voluntarily dismisses a claim without prejudice then the action cannot count as a strike. 635 F.3d at 648, 654. The court held that because the plain meaning of § 1915(g) speaks of actions and not claims, the entire action had to be dismissed for reasons enumerated in § 1915(g) to be counted as a strike. *Id.* at 650-52
    The underlying purposes of the PLRA and the analysis of *Pointer* prevent us from adopting the categorical approach endorsed in *Tolbert.*

occurred because the claim had merit. Because the district court's reasons for imposing the strike were erroneous, we must turn to Taylor's arguments.

The holding from *Pointer* dictates that Taylor's first argument—because *Myers* was a mixed dismissal it should not count as a strike—fails. *Myers* was dismissed in its entirety, some claims were dismissed for § 1915(g) reasons, and Taylor never proved the claims dismissed without prejudice had merit; therefore, were this Taylor's only argument, the action would count as a strike. Taylor could have proved the case had merit by refiling the claims dismissed for failure to timely serve, properly serving the parties, and establishing that his claim did not fall within § 1915(g).

Turning to Taylor's second argument—that a settlement of some claims in *Myers* establishes that it cannot count as a strike. Having concluded above that the district court erred when it imposed a strike because some claims were dismissed under § 1915(g), we assess the district court's finding that "the Court's review of [*Myers*] show[ed] that . . . some of [the] claims [settled]." R. 103, Dist. Ct. Order at 2, Page ID # 330.

The district judge did not cite to the portion of the record he relied upon when finding that a settlement occurred. Indeed, our review of the entire record from *Myers* does not support the district court's finding that a settlement occurred. The only support for the existence of a settlement is Taylor's statement in his memorandum in opposition to the magistrate's report and recommendation. In his objections, Taylor stated that the claims had settled for $500. However, an argument presented to the court is not evidence. *Cf. Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) (stating that "[a]rguments in parties' briefs are not evidence"). A statement in a memo will not suffice to show that a claim settled, and the record on appeal is void of any other evidence

of a settlement. Based on this record, it appears likely that the district judge abused his discretion in concluding there was a settlement.

If we are correct and there was no evidence presented of a settlement, but rather, there is only evidence of a voluntary dismissal with prejudice, then *Myers* would count as a strike as outlined above.

However, though we found no evidence in the record of a settlement, there is the possibility that the district judge was presented with evidence of a settlement and simply failed to discuss that evidence. If this is the case, Taylor should not be penalized. We must remand this case to give the district judge an opportunity to explain what basis he had for determining that there was a settlement.

Accordingly, on remand the district court must consider whether evidence of a settlement on the merits was presented. If the court finds that there was a settlement on the merits, then Myers does not count as a strike. *Myers* counts as a strike, on the other hand, if the court finds that there was not a settlement on the merits.

**CONCLUSION**

For the foregoing reasons, we **REVERSE** the opinion of the district court and **REMAND** for further proceedings not inconsistent with this opinion.