# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3396

_____

Stephen M. Partin,

      Appellant,

    v.

Greg Harmon, Warden, Maximum
Security Unit, ADC; S. Speers,
Infirmary Manager, Maximum Security
Unit, ADC; Max Mobley, Deputy
Director, Arkansas Department of
Correction; J. Blankenship,
Disciplinary Court Judge, Arkansas
Department of Correction; J. Kleiner,
Major, Maximum Security Unit, ADC;
James, Assistant Warden, Maximum
Security Unit, ADC; Abernathey, Sgt.,
Maximum Security Unit, ADC;
Sangoseani, Dr., Maximum Security
Unit, ADC; F. Moka, Sgt., Maximum
Security Unit, ADC; Larry Norris,
Director, Arkansas Department of
Correction,

      Appellees.

Appeals from the United States
District Court for the
Eastern District of Arkansas

[UNPUBLISHED]

_____

No. 03-3816
_____

Stephen M. Partin,                          *
                                            *
                Appellant,                  *
                                            *
        v.                                  *
                                            *
Abernathey, Sgt., East Arkansas             *
Regional Unit, ADC; Mary Brim, East         *
Arkansas Regional Unit, ADC; Low,           *
Warden, East Arkansas Regional Unit,        *
ADC; Fitts, Supervisor, East Arkansas       *
Regional Unit, ADC; Lucas, Manager,         *
East Arkansas Regional Unit, ADC;           *
John Byus, Director, Arkansas               *
Department of Correction; Greg              *
Harmon, Warden, East Arkansas               *
Regional Unit, ADC; Lee, Dr., East          *
Arkansas Regional Unit, ADC; Max            *
Mobley, Deputy Director, Arkansas           *
Department of Correction,                   *
                                            *
                Appellees.                  *

_____

Submitted: October 12, 2004
Filed: October 15, 2004

_____

Before WOLLMAN, McMILLIAN, and HANSEN, Circuit Judges.

_____

-2-

PER CURIAM.

In this consolidated proceeding, Stephen Partin appeals from the final judgments entered in the District Court for the Eastern District of Arkansas dismissing his 42 U.S.C. § 1983 actions prior to service and pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). For the reasons discussed below, we reverse and remand the judgments of the district court.

Both courts below found that Partin had had at least three prior complaints dismissed, had not alleged facts showing that he was under imminent danger of serious physical injury, and was thus ineligible for in forma pauperis (IFP) status under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (prisoner may not bring civil action or appeal IFP if prisoner has had 3 prior actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury").

After careful review of the pleadings, we agree with Partin that he sufficiently alleged imminent danger of serious physical injury to meet the exception to the "three strikes" rule of section 1915(g). According to Partin's complaint allegations, he was exposed to raw sewage; denied treatment for tuberculosis, prostate cancer, and colon cancer; deprived of prosthetic support boots; denied medical care for an injured knee and ankle; and forced to work against medical restrictions. Because Partin has properly alleged that these serious medical needs continue to go untreated, we conclude that Partin meets the imminent-danger exception in § 1915(g). See McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir. 2002) (plaintiff's allegations of 5 tooth extractions that had been delayed, and spreading tooth infection, were sufficient to meet imminent-danger exception); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam) (imminent-danger standard was satisfied when inmate alleged that despite his repeated complaints and having been stabbed twice

-3-

before, prison staff continued to place him near his known enemies and threatened to transfer him near his enemies).

Accordingly, we reverse the judgments of the district court and remand the cases for further proceedings with directions that Partin be permitted to file his complaint pursuant to § 1915 without the full payment of the filing fee up front. We also respectfully suggest that the two cases be consolidated on remand.

_____