**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7924**

JOHNATHAN LEE SMITH, a/k/a Johnathan L. X. Smith, a/k/a
Johnathan Lee X Smith,

Plaintiff - Appellant,

v.

LAWRENCE WANG, M.D.; A. GILES, Nurse; P. MCHALKO, Nurse; D.
GILES, Nurse; C. WATSON, Unit Manager; M. SMITH, Sergeant of
Security; J. LUTHER, Officer; K. UNDERWOOD, Officer; J.
MORRISON, Officer; P. PAGET, Officer; J. BRUMFIELD, Officer;
S. FARMER, Rehabilitation Counselor; V. BRYON,
Rehabilitation Counselor; JEFFREY DILLMAN, Warden; JOHN
GARMAN, Regional Director,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. Samuel G. Wilson, District
Judge. (7:09-cv-00370-sgw-mfu)

Submitted: February 24, 2010        Decided: March 17, 2010

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Johnathan Lee Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnathan Lee Smith, a Virginia inmate, appeals a district court order dismissing his civil rights complaint without prejudice for failing to prepay the filing fee or show that he was under imminent danger of serious physical injury. Because we find Smith adequately alleged he was in imminent danger of serious physical injury, we vacate the court's order and remand for further proceedings.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321-71 (1996), a prisoner who has had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2006). Several circuit courts have held "the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (citations omitted); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Banos v. O'Guin, 144 F.3d 883, 885 (5th

2

Cir. 1998). An appellate court reviews de novo a district court's interpretation of § 1915(g) and related legal conclusions. Andrews v. King, 398 F.3d 1113, 1118 (9th Cir. 2005); Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003).

Smith alleged in his complaint that Dr. Wang knowingly failed to schedule him for a follow-up scan to determine whether what was observed in a prior scan was stable or growing, suggesting the presence of a tumor. He also faulted the remaining Defendants for exposing him to second-hand cigarette smoke and for not providing reasonable medical care to treat his medical issues, such as nose bleeds and headaches, caused by such exposure.

Taking Smith's allegations as true, we find he sufficiently established he is in imminent danger of serious physical injury. See Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003) (complications arising from a switch in medication); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002) (mouth infection due to lack of dental care); Gibbs v. Cross, 160 F.3d 962, 965-66 (3rd Cir. 1988) (headaches and other symptoms as a result of dust and lint exposure).

Accordingly, because we find Smith sufficiently alleged in his complaint that he was under imminent danger of serious physical injury, we vacate the district court's order and remand with instructions that Smith be permitted to proceed

3

under the PLRA without prepayment of fees.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4