**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0734n.06

No. 11-1165

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LEON PERCIVAL, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | ***Oct 27, 2011*** |
| | ) | LEONARD GREEN, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DENISE GERTH, Case Manager, Assistant | ) | THE WESTERN DISTRICT OF |
| Resident Supervisor, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

Before:  MARTIN and SUTTON, Circuit Judges; FORESTER, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge.  Leon Percival, a Michigan prisoner proceeding pro se, appeals a district court order denying his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this  panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).

On June 8, 2010, Percival filed an amended civil rights action and a motion for leave to proceed in forma pauperis in the United States District Court for the Western District of Michigan. Percival asserted numerous claims pursuant to 42 U.S.C. § 1983 against Denise Gerth, an employee at Alger Maximum Correctional Facility.  The action is brought against Gerth in her individual and official capacities and seeks both damages and injunctive relief.

---

[*]The Honorable Karl S. Forester, United States District Senior Judge for the Eastern District of Kentucky, sitting by designation.

The bulk of Percival's complaint involves claims that Gerth and certain non-parties mishandled his mail and legal papers in the past while he was incarcerated at Alger. The remainder of his complaint concerns alleged events at Marquette Branch Prison, where Percival was later transferred and remained at the time he filed his complaint. The alleged events at Marquette purportedly occurred in the spring of 2009 and included someone hitting Percival in the face, stealing his television, and attempting to recruit another prisoner to stab him. At the time Percival filed his complaint, however, this assailant was not incarcerated at Marquette.

Percival blames Gerth for the above incident where he was struck in the face, asserting that she ordered the attack. Percival also claimed that Gerth encouraged this person to improperly contact his family, conspired with employees at Marquette to harm him, and promised unnamed prisoners at Marquette lenient treatment if they attacked Percival. According to Percival, Gerth is motivated by personal animus toward him for, among other reasons, his assaulting a corrections employee in 1996, filing frequent grievances, and allegedly attempting to avoid various prison expenses by filing personal bankruptcy in 2005.

The district court denied Percival's motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act. The district court also ordered Percival to pay the filing fee within twenty-eight days and warned him that failure to do so would result in the dismissal of his case without prejudice. Percival did not pay the filing fee. Instead, he filed a motion for reconsideration of the denial of in forma pauperis status. The district court denied the motion for reconsideration and, although correcting factual errors in its prior order, dismissed the action without prejudice.

Thereafter, Percival moved for relief from judgment under Rule 60(b)(1), claiming that the district court erred when his assailant was returned to Marquette, and that he was entitled to proceed in forma pauperis under the "imminent danger" exception to the "three strikes" rule set forth in § 1915(g). The district court denied Percival's Rule 60(b) motion. Because Percival did not timely appeal from the district court's judgment dismissing his complaint, the only issue before us is whether the district court erred in denying Percival's Rule 60(b) motion.

On appeal, Percival argues that the district court applied the wrong legal standard and erred by finding that he failed to satisfy the imminent danger exception. Percival further argues that he is entitled to relief because the state did not oppose his Rule 60(b) motion and the district court erred by failing to construe all allegations in his favor.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Id.* (internal quotation omitted). When reviewing an order denying a Rule 60(b) motion for relief, we do "not consider the merits of the underlying judgment." *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir. 2001). That is, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Id.*

As noted above, the district court denied Percival's Rule 60(b) motion pursuant to the "three strikes" rule set forth in § 1915(g). "The literal language of that portion of the PLRA forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions if the litigant has, on three prior occasions, had a case dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998). While the Prison Litigation Reform Act contains an exception, where the prisoner is under "imminent danger of serious physical injury[,]" § 1915(g), this exception applies only if the complaint alleges facts showing that a danger of serious physical injury exists at the time the complaint is filed.

Percival does not dispute that he is subject to the "three strikes" rule. Instead, he takes issue with the district court's application of the imminent danger exception. There was no error when the district court denied the Rule 60(b) motion in the absence of a showing of a clear error in judgment. *Jones*, 617 F.3d at 850. Percival's claims of error are based largely on a misapplication of the controlling legal standards and are not grounds for a reversal.

Percival's reliance on the alleged subsequent return of his assailant to Marquette after his complaint was filed is misplaced. Percival fails to explain how his enemy's return *after* the complaint was filed provides a basis to reverse the district court. The purported danger must exist at the time the complaint is filed. While Percival's complaint alleges a 2009 physical confrontation between him and his assailant and a 2009 attempt to recruit another prisoner to stab him, Percival filed this action in June 2010, well after both incidents were alleged to have occurred. Assertions of past danger will not satisfy the "imminent danger" exception. *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007).

Percival has not shown that the district court abused its discretion in denying his Rule 60(b) motion for relief from the judgment dismissing his action, without prejudice, under the "three strikes" rule.

Accordingly, we affirm the district court's order denying relief under Rule 60(b). Rule 34(j)(2)(C), Rules of the Sixth Circuit.