RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0234p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

JERRY VANDIVER,

            *Plaintiff-Appellant*,

       *v.*

PRISON HEALTH SERVICES, INC., JOHN T.
STEELE, M.D., BADAWI ABDELLATIF, M.D.,
H. PANDYA, M.D., JOHN MASSELINK, M.D.,
and DANIEL F. SPITTERS, P.A.,

              *Defendants-Appellees.*

No. 11-1959

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:11-cv-574—Robert J. Jonker, District Judge.

Argued: August 1, 2013

Decided and Filed: August 16, 2013

Before: MOORE, KETHLEDGE, and STRANCH, Circuit Judges.

—————————————

## COUNSEL

**ARGUED:** Elizabeth Barchas Prelogar, HOGAN LOVELLS US LLP, Washington,
D.C., for Appellant. Kevin R. Himebaugh, OFFICE OF THE MICHIGAN ATTORNEY
GENERAL, Lansing, Michigan, for Appellees. **ON BRIEF:** Elizabeth Barchas
Prelogar, HOGAN LOVELLS US LLP, Washington, D.C., for Appellant. Kevin R.
Himebaugh, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing,
Michigan, for Appellees.

—————————————

## OPINION

—————————————

    KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant Jerry Vandiver
appeals from the district court's denial of his application to proceed in forma pauperis
("IFP"). Vandiver concedes that his application is subject to the three-strikes rule under

1

28 U.S.C. § 1915(g), but argues that the district court erred in concluding that he failed to allege an imminent danger of serious physical injury, a statutory exception to the three-strikes rule. Vandiver alleges in his complaint that he was not receiving the treatment needed for his chronic illnesses—diabetes and Hepatitis C—and that as a result, he had undergone partial amputations of his feet and suffered from visual impairment. Vandiver also alleges that because prison officials continued to deny him this treatment, he was at risk of further injury, including additional partial amputations, coma, and death.

The district court rejected Vandiver's application, concluding that these allegations were insufficient to allege an imminent danger of serious injury. We disagree with this conclusion and hold today that alleging a danger of serious physical injury as a result of being presently denied adequate medical treatment for a chronic illness satisfies the imminent-danger exception. Because allegations of incremental harm culminating in a serious physical injury may present a danger equal to that of an injury that occurs all at once, Vandiver's allegations that the defendants are presently withholding adequate treatment for his diabetes and Hepatitis C, and that denying him treatment will lead to partial amputations of his feet, meet this standard. We therefore **REVERSE** the determination of the district court and **REMAND** the case for further proceedings.

## I. BACKGROUND

On June 2, 2011, Vandiver filed a pro se civil action in the United States District Court for the Western District of Michigan against Prison Health Services, Inc. ("PHS") and five medical professionals (collectively, "the defendants"). R. 1 (Compl. at 1) (Page ID #1). Dr. Haresh Pandya ("Pandya") is the only defendant who filed a brief on appeal. Vandiver alleges in his verified complaint that the defendants violated and are continuing to violate his Eighth Amendment rights—specifically, that the defendants are deliberately indifferent to the health care needs associated with his serious chronic conditions, including Hepatitis C and diabetes. *Id.* He acknowledges that he "has previously filed three (3) complaints that were dismissed as frivolous . . . [or] groundless

for failure to state a claim," and that "[a]s such, he is required to satisfy Section 1915(g)'s imminent danger exception." *Id.* ¶ 2 (Page ID #8). In support of these allegations, including those relating to the imminent-danger exception, Vandiver submitted various documents, including an affidavit enumerating further details of his medical condition and the internal grievances that he filed with the Michigan Department of Corrections. R. 2 (Attachments) (Page ID #22).

In his complaint, Vandiver alleges that he "suffers from diabetes and Hepatitis C, both of which are debilitating and potentially life-threatening illnesses." R. 1 (Compl. at ¶ 3) (Page ID #8). When "[l]eft untreated, as alleged in this case, diabetes in particular can lead to kidney dysfunction, blindness, amputation, cardiovascular disease and other serious and potentially fatal condition[s], including coma and death." *Id.* Vandiver also describes the indifference of the defendants to his medical needs, first focusing on past instances of alleged maltreatment by the defendants. For example, he alleges that "Defendants have systematically withheld Mr. Vandiver's medical specialty referrals and other physician ordered accommodations." *Id.* ¶ 4 (Page ID #9). "The result of this denied care has left Mr. Vandiver a double amputee and visually impaired." *Id.* The denied care consists of "physician prescribed special shoes, and transport vehicle, a special diet and medication in an effort to alleviate his diabetes-related symptoms." *Id.* ¶ 30 (Page ID #15).

Vandiver also alleges that the maltreatment continues: "as a chronically-ill prisoner with serious chronic medical needs, he was and continues to be subject to capricious denials of approved specialty care referral visits because to do so would be less profitable to PHS." *Id.* ¶ 24 (Page ID #13). He further alleges that he "has suffered and will continue to suffer possible coma, death[,] physical loss of limbs and mental pain, mental anguish and emotional distress due to the craven profit motive policy/actions/omissions of" the defendants. *Id.* ¶ 26 (Page ID #14). Vandiver reiterated these allegations in an affidavit submitted with his complaint:

> As I submit this affidavit, danger exist[s] as I am still receiving improper
> medical ca[r]e, and treatment here at Earnest C. Brooks Correctional
> Facility in Muskegon Heights, Michigan, a presently existing continuing

imminent danger and defendants' failure to provide adequate treatment for potentially life-threatening illnesses, i.e. diabetic (insulin dependent); Hepatitis C; Heart related illness; hypertension; continued ongoing foot amputations of both left/right foot; most recent amputation of March 14, 2011; suffered by me, clearly constitute "imminent danger".

R. 2 (Vandiver Aff. at ¶ 3) (Page ID #22).

On the same day that he filed his verified complaint, Vandiver also filed an application for IFP status, which the district court granted on June 3, 2011. R. 3 (IFP Appl. at 1) (Page ID #60); R. 4 (Order at 3) (Page ID #96). On July 13, 2011, however, the district court reconsidered sua sponte its order granting Vandiver IFP status. R. 8 (Opinion at 1) (Page ID #102). Upon reconsideration, the district court denied Vandiver's application under the 28 U.S.C. § 1915(g) three-strikes rule, reasoning that Vandiver had failed to plead an imminent danger of serious physical harm because his "references to his past amputations are directed toward relief for harms that already have occurred" and his "allegations that he could receive further amputations do[] not satisfy the 'imminent' requirement for a serious physical injury." *Id.* at 5 (Page ID #106). Vandiver timely appealed the district court's order. R. 10 (Notice of Appeal at 1) (Page ID #109). In this court, he filed motions for IFP status on appeal and for appointment of counsel, both of which were granted.

## II.  STANDARD OF REVIEW

We "review[] a district court's denial of pauper status for abuse of discretion." *Pointer v. Wilkinson*, 502 F.3d 369, 372 (6th Cir. 2007). "We employ de novo review, however, for questions of law under the [Prison Litigation Reform Act (PLRA)]." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 491 (6th Cir. 2012) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

## III.  IMMINENT-DANGER EXCEPTION

Vandiver argues that his allegations of danger resulting from prison and medical officials' refusal to provide him adequate treatment for his serious chronic illnesses are

sufficient to grant him IFP status under the imminent-danger exception. Vandiver contends that it was improper for the district court to conclude that (1) Vandiver alleged only past harm, (2) Vandiver's claims were wholly conclusory, and (3) Vandiver had received adequate medical treatment, as evidenced by the supporting documentation. Appellant Br. at 14. Rather, Vandiver argues (1) that he "also alleged that he faced future injury from the continued denial of care," (2) that he "provided specific details about his ailments," and (3) that the "medical officials systematically failed to follow through with physician-ordered accommodations and specialist visits." *Id.* Pandya rejoins that the district court was correct to deny IFP status, as "the 'imminent danger' exception does not apply to chronic medical conditions, where inadequate medical treatment merely has the potential to cause injury in the indeterminate future." Appellee Br. at 10.

> Section 1915(g) provides:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Vandiver concedes that he has filed more than three actions that have been dismissed on the grounds enumerated in § 1915(g), the sole issue for us to resolve is whether the district court abused its discretion in concluding that Vandiver failed to allege an imminent danger of serious physical injury, a statutory exception to the three-strikes rule. Specifically, we must consider whether failure to provide treatment for chronic illnesses constitutes imminent danger of serious physical injury, an issue that we have addressed only in an unpublished opinion.

We have, however, had the opportunity on several occasions to establish certain generally applicable parameters of the imminent-danger exception, albeit largely in unpublished opinions. To begin, we have explained that "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of

notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011).  As such, a pro se plaintiff is "entitled to have his complaint liberally construed."  *Id.* Because the exception constitutes a pleading requirement, a plaintiff "need[] only to assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage of litigation." *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012).  A plaintiff "must therefore show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor*, 508 F. App'x at 492 (internal quotation marks omitted).

In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted).  "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception."  *Id.* at 797–98; *see also Taylor*, 508 F. App'x at 492 ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer*, 502 F.3d at 371 n.1 (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

With respect to whether allegations of a chronic illness satisfy the standard outlined above, we have addressed the issue only once—in an unpublished opinion in a prior appeal filed by Vandiver. *Vandiver*, 416 F. App'x at 562. In that case, Vandiver alleged that the defendants continued to deny him "medical treatment in retaliation for his First-Amendment-protected speech activities." *Id.* at 561. We reversed the district court's denial of IFP status upon making the determination that "[f]ailure to receive adequate treatment for potentially life-threatening illnesses such as those suffered by Vandiver clearly constitutes 'imminent danger' under the [PLRA]." *Id.* at 562–63.

Other circuits to have considered chronic illness in the context of the imminent-danger exception have reached the same conclusion. For example, the Eleventh Circuit reversed a district court's denial of pauper status to a prisoner who alleged withdrawal of treatment for his HIV and hepatitis, reasoning as follows: "Viewed together, the afflictions of which Brown currently complains, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The court continued, "[t]hat Brown's illnesses are already serious does not preclude him from arguing that his condition is worsening more rapidly as a result of the complete withdrawal of treatment." *Id.*; *see also Jackson v. Jackson*, 335 F. App'x 14, 15 (11th Cir. 2009) (approving IFP status where "Jackson contends that without surgery, which the defendant prison officials will not approve, he will continue to suffer from those injuries and may even face tissue death, gangrene, and internal bleeding") (footnote omitted).

Likewise, the D.C. Circuit reversed a district court's denial of pauper status where a plaintiff alleged "that defendants have failed and refused to treat him with possible eradication treatment for his Hepatitis C, placing him in a posture of serious physical injury or humiliating death and suffering." *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) (internal quotation marks and alterations omitted). The D.C. Circuit reasoned that "[w]ithout adequate treatment, Ibrahim will continue to suffer additional harm, if not death, from his Hepatitis C. That surely is sufficient to constitute

'imminent danger.'" *Id.* at 7; *see also McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002) ("The complaint in this case alleges that five extractions have already occurred, but, construed liberally in favor of the pleader, further alleges that two extractions originally scheduled have not occurred, and that plaintiff is in imminent danger of serious physical injury because of spreading infection in his mouth. We hold that this allegation is sufficient as a matter of law."); *Smith v. Wang*, 370 F. App'x 377, 378 (4th Cir. 2010) (granting IFP status where the plaintiff alleged that the doctor "knowingly failed to schedule him for a follow-up scan to determine whether what was observed in a prior scan was stable or growing, suggesting the presence of a tumor"); *Partin v. Harmon*, 113 F. App'x 717, 718 (8th Cir. 2004) ("Because Partin has properly alleged that these serious medical needs continue to go untreated, we conclude that Partin meets the imminent-danger exception in § 1915(g)."); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) (concluding that the plaintiff's allegations of "continuing harm as a direct result of being denied his medication" were sufficient to fall within the imminent-danger exception). In sum, there is a consensus among the courts that have addressed the issue that allegations describing a continued failure to treat appropriately a chronic illness may constitute imminent danger of serious physical injury. Pandya's unsupported argument to the contrary is thus unpersuasive.[1]

We therefore hold that a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g), as incremental harm that culminates in a serious physical injury may present a danger equal to harm that results from an injury that occurs all at once. We reject the notion that the inclusion of the word "imminent" in § 1915(g) allows us to grant IFP status only after a plaintiff's condition has deteriorated such that the next instance of maltreatment would result in a serious physical injury. Imposing such a restriction would ignore the progressive and worsening nature of injuries often

---

[1] At oral argument, Pandya articulated for the first time his position that a prisoner governed by the three-strikes rule should file a request for preliminary injunctive relief in order to demonstrate imminence. Because § 1915(g) does not impose such a requirement on prisoners seeking relief under the imminent-danger exception, we reject this suggestion, which would impose on impoverished pro se prisoners new burdens not called for by the statute.

associated with chronic illness and would result in unnecessary suffering by those afflicted with these conditions. We thus believe that for the purposes of § 1915(g), an individual afflicted with a chronic illness that left untreated would result in serious injury faces imminent danger when the illness is left untreated.

Applying this standard to the case at hand, we conclude that Vandiver's complaint sufficiently alleges an imminent danger of serious physical injury. As an initial matter, Vandiver alleges in multiple paragraphs of his complaint, and avers in his affidavit, that he is presently denied medical treatment. For example, he alleges that "as a chronically-ill prisoner with serious chronic medical needs, he was and continues to be subject to capricious denials of approved specialty care referral visits because to do so would be less profitable to PHS." R. 1 (Compl. at ¶ 24) (Page ID #13). Moreover, that Vandiver included in his complaint allegations of past maltreatment does not take away from his allegations of present maltreatment or preclude him from relief. In fact, as explained by the Ninth Circuit, past incidents can inform the imminence analysis: "Such a look to history is simply one way a prisoner can make the dispositive showing that the ongoing practice, if continued, evidences the likelihood of serious physical injury at the moment the complaint was filed." *Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) (internal quotation marks and alteration omitted). Additionally, past incidents can illustrate that a plaintiff's allegations are not ridiculous or baseless, as is required under the imminent-danger exception.

Vandiver has also sufficiently alleged danger of a serious physical injury. Specifically, he has alleged that as a result of the defendants' past and present failure to provide him with "physician prescribed special shoes, and transport vehicle, a special diet and medication," among other things, he faces a risk of "coma, death[,] physical loss of limbs and mental pain, mental anguish and emotional distress." R. 1 (Compl. at ¶¶ 26, 30) (Page ID #14–15). The danger of serious injury is further supported by the fact that he has already undergone partial amputations of his feet, as he alleged in his complaint. *Id.* ¶ 4 (Page ID #9). Taken together, then, Vandiver has alleged that the defendants are

presently denying him treatment, which is causing harm that will lead to further amputations and potentially coma or death.

Nonetheless, Pandya argues that Vandiver's allegations are insufficient and conclusory. Appellee Br. at 12. As demonstrated above, however, Vandiver makes detailed allegations showing a present danger of serious injury. Moreover, Pandya offers no legal support for this proposition, instead relying on the general pleading principles articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Appellee Br. at 10–12. This argument is unpersuasive, particularly in light of the numerous cases directly addressing the pleading requirements of § 1915(g), as described above.

Pandya also argues that even if the allegations against the other defendants are sufficient to satisfy the imminent-danger exception, Vandiver should not be able to bring claims against Pandya. In making this argument, Pandya contends that we should adopt the standard articulated in the Second Circuit case *Pettus v. Morgenthau*, 554 F.3d 293 (2d Cir. 2009), which imposed an additional requirement on plaintiffs seeking IFP status under the imminent-danger exception: "a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Id.* at 297. In order to allege this nexus properly, the Second Circuit explained, "we think that the statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint." *Id.*

However, we decline to reach whether § 1915(g) incorporates a nexus requirement, as Pandya would not prevail even if we were to adopt the Second Circuit standard. As an initial matter, the legal basis upon which Pandya relies—that this standard would require a plaintiff to allege a nexus between the imminent danger and each claim or each defendant—is incorrect. In fact, the Second Circuit addressed this issue directly in a subsequent case, concluding that "[n]othing in the text of § 1915 provides any justification for dividing an action into individual claims and requiring a filing fee for those that do not relate to imminent danger." *Chavis v. Chappius*, 618 F.3d

162, 171 (2d Cir. 2010); *see also id.* at 171–72 ("All four circuit courts to consider the question have, accordingly, found that a plaintiff filing IFP on the basis of the imminent danger exception can proceed with all claims in her complaint, and we agree.") (internal footnote omitted).[2]  In other words, the Second Circuit has held that once a plaintiff establishes a nexus between one of his claims and the imminent danger he is alleging, he may proceed with his entire action.  Because Vandiver alleges dangers that are plainly traceable to his Eighth Amendment claims of deliberate indifference—partial amputations resulting from failure to treat his diabetes and Hepatitis C—Vandiver's complaint would satisfy the Second Circuit standard.

Moreover, to the extent Pandya argues that Vandiver's complaint would fail under the Second Circuit standard because Vandiver's "allegations against Dr. Pandya refer only to past harm," Appellee Br. at 14, Pandya's argument is unpersuasive because his description of the allegations in Vandiver's complaint is incomplete.  Although Pandya is correct that Vandiver references only past harm in the eight paragraphs dedicated to the allegations against Pandya, Pandya ignores the fact that Vandiver incorporated by reference certain preceding allegations, including allegations that Vandiver "was and continues to be subject to capricious denials of approved specialty care referral visits because to do so would be less profitable to PHS."  R. 1 (Compl. at ¶¶ 24, 27–35) (Page ID #13–15).  Because Pandya would not prevail even under the heightened Second Circuit standard, we need not decide whether § 1915(g) incorporates a nexus requirement.

## IV.  CONCLUSION

Vandiver has alleged that the defendants are presently withholding necessary medical treatment from him and that as a result of these actions, Vandiver is in danger

---

[2]The Ninth Circuit has reached the same conclusion, albeit without the underlying nexus requirement, holding that if a plaintiff's "Eighth Amendment claim alleged that he faced an 'imminent danger' at the time he filed the complaint, § 1915(g) allows his entire lawsuit to proceed IFP even if [he] otherwise met the three-strikes criteria."  *Andrews*, 493 F.3d at 1055.  The Ninth Circuit relied on a statement made by the Supreme Court "in the course of interpreting another PLRA provision, 'statutory references to an "action" have not typically been read to mean that every claim included in the action must meet the pertinent requirement before the "action" may proceed.'"  *Id.* at 1054 (quoting *Jones*, 549 U.S. at 221).

of amputations, coma, and even death.  These allegations are sufficient for him to proceed IFP pursuant to the imminent-danger exception, and the district court's conclusion to the contrary was an abuse of discretion.  We therefore **REVERSE** the district court's denial of IFP status and **REMAND** for further proceedings.