WAVERLY D. CRENSHAW, JR., CHIEF UNITED STATES DISTRICT JUDGE
William D. Hamby, Jr., an inmate of the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, brings this pro se action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. (Doc. No. 1). The plaintiff has submitted a motion for preliminary injunction (Doc. No. 4), a motion to ascertain status of case (Doc. No. 5), a motion to add defendants to suit (Doc. No. 6), and an application to proceed in forma pauperis (Doc. No. 7).
The Prison Litigation Reform Act (PLRA) provides the following under *824 § 1915(g) with respect to prisoner-plaintiffs:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
28 U.S.C. § 1915(g). In other words, a prisoner-plaintiff who falls within the scope of § 1915(g) because of three or more previous "strikes" must be pay the entire filing fee at the outset of the case, unless he or she is under imminent danger of serious physical injury. Wilson v. Yaklich, 148 F.3d 596, 603-04 (6th Cir. 1998), cert. denied, 525 U.S. 1139, 119 S.Ct. 1028, 143 L.Ed.2d 38 (1999).
Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g) because he has, on at least three prior occasions, filed a civil action or an appeal that has been dismissed for failure to state a claim upon which relief could be granted.[1]
To fall within the statutory exception to the "three-strikes" rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. See Rittner v. Kinder, 290 Fed.Appx. 796, 797-98 (6th Cir. 2008) (citation omitted). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. Id. Therefore, pursuant to § 1915(g) of the PLRA, Plaintiff may pursue the instant action as a pauper only if he is under imminent danger of serious physical injury.
The complaint alleges that Plaintiff suffers from "severe neuropathy" and, since his arrival to the MCCX, Defendants have not provided Plaintiff with his medication for neuropathy and refuse to give him access to any medical treatment. (Doc. No. 1 at 1). According to Plaintiff, Defendants provide white inmates with neuropathy medication but not Plaintiff, reflecting "racial bias." (Id. at 2). Plaintiff states that he is in "constant pain." (Id. )
Plaintiff has attached an inmate grievance dated September 22, 2017, in which he describes his problem as "denied access to any neuropathy meds ... due to my race of non-white ...." (Id. at 4). The grievance form contains the response by a chairperson (whose signature the Court cannot read) dated October 18, 2017, stating simply:
Summary of Supervisor's Response/Evidence: Denied. Chairperson's Response and Reason(s): Denied.
(Id. )
The imminent-danger exception *825 is a pleading requirement subject to the ordinary principles of notice pleading. Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013). Under this standard, the plaintiff must "allege[ ] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." Id. (internal quotation marks and citation omitted). To support a finding of sufficiently imminent danger, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." Id. (citing Rittner v. Kinder, 290 Fed.Appx. 796, 797 (6th Cir. 2008) ). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." Id. (citations omitted). In an unpublished opinion, the Sixth Circuit has held that "[f]ailure to receive adequate treatment for potentially life-threatening illnesses ... clearly constitutes 'imminent danger' under the [PLRA]." Vandiver v. Vasbinder, 416 Fed.Appx. 560, 562-63 (6th Cir. 2011) (citing Ibrahim v. District of Columbia, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (holding that "failure to provide adequate treatment for Hepatitis C, a chronic and potentially fatal disease, constitutes 'imminent danger' ") ). In a later, published opinion in a case filed by the same plaintiff, the Court reaffirmed that "a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g)." Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 587 (6th Cir. 2013). Other circuits have similarly held that failure to treat "serious medical needs" may satisfy the imminent-danger requirement. See, e.g., Partin v. Harmon, 113 Fed.Appx. 717, 718 (8th Cir. 2004) (finding that plaintiff's allegations were sufficient to meet imminent-danger exception where he alleged that he was denied treatment for treatment for tuberculosis, prostate cancer, and colon cancer, deprived of prosthetic support boots, denied medical care for an injured knee and ankle, and forced to work against medical restrictions).
Other courts have rejected a requirement that the district courts scrutinize the seriousness of the continuing injury before granting a three-striker leave to proceed in forma pauperis. For example, in Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003), the plaintiff alleged imminent danger resulting from the defendants' wrongful discontinuation of his medication for attention deficit hyperactivity disorder and panic disorder. The court rejected the defendant's assertion that the plaintiff's claims were "not serious enough," stating:
[Section] 1915(g) is not a vehicle for determining the merits of a claim. To follow the [defendant's] logic, a district court would not just need to determine whether a prisoner is alleging some type of ongoing or imminent harm. It would also need to fine-tune what is "serious enough" to qualify for the exception. Is being denied heart medication? What about a cholesterol-lowering drug? How frequently do beatings need to occur before they are serious? This would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim. This is not required, and so we find that the district court erred in concluding that [the plaintiff's] complaint didn't meet the imminent danger exception.
Id. at 331. Accord Chavis v. Chappius, 618 F.3d 162, 169 (2d Cir. 2010) ("[A]lthough the feared physical injury must be 'serious,' 'we should not make an overly detailed inquiry into whether the allegations qualify for the exception,' because *826 § 1915(g)'concerns only a threshold procedural question'...." (quoting Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) ) ).
Although the present case presents a close call, the Court finds that Plaintiff's allegations that for a period of months Defendants have refused any medical treatment or medication for his "severe neuropathy" and that Plaintiff has continuing pain as a result of Defendants' failure to treat Plaintiff's known neuropathy condition adequately alleges facts supporting an inference that Plaintiff is in imminent danger of serious physical injury, for purposes of the threshold inquiry required by 28 U.S.C. § 1915(g). Cf. Patterson v. Corrections Corp. of Am., No. 1:16-cv-0005, 2016 WL 540710, at *3 (M.D. Tenn. Feb. 11, 2016) (Sharp, J.)(holding that the plaintiff's allegation that defendants failed to provide any medical treatment for inmate's diagnosed broken toe and that inmate has continuing severe pain and numbness in his toe as well as continuing leg and back pain supports an inference that the plaintiff is in imminent danger of serious physical injury); Freeman v. Collins, No. 2:08-cv-71, 2011 WL 1397594, at *6 (S.D. Ohio April 12, 2011) (holding that the failure to treat allegedly severe chronic pain may satisfy the imminent danger requirement under specific circumstances); Perez v. Sullivan, 2005 WL 3434395, at *2 (W.D. Wis. Dec. 13, 2005) (same).
From a review of his application, the Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, the application to proceed in forma pauperis (Doc. No. 7) is hereby GRANTED .
Under § 1915(b), the Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-Plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the Plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:
(1) The custodian of the Plaintiff's inmate trust fund account at the institution where he now resides is DIRECTED to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of-(a) the average monthly deposits to the Plaintiff's account; or (b) the average monthly balance in the Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).
(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).
(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203. Acceptable forms of payment by pro se plaintiffs are cash, money order, cashier's check or credit card payment.
The Clerk of Court is DIRECTED send a copy of this order to the administrator of inmate trust fund accounts at the MCCX to ensure that the custodian of the Plaintiff's *827 inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account MUST ensure that a copy of this Order follows the Plaintiff to his new place of confinement for continued compliance with this Order.
Finally, Plaintiff's motion to ascertain status of case (Doc. No. 5) is GRANTED . The Court will screen Plaintiff's complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(b), by separate Order and Memorandum and review Plaintiff's pending motions. Plaintiff is not required to take any further action at this time.
IT IS SO ORDERED.

See Hamby v. Lingle, 3:12-cv-0942 (M.D. Tenn. 9/18/12)(dismissed for failure to state a claim upon which relief can be granted); Hamby v. Johnson, 3:12-cv-1303, 2013 WL 141128 (M.D. Tenn. 1/10/13) (dismissed for failure to state a claim upon which relief can be granted); Hamby v. Johnson, 3:13-cv-96, 2013 WL 1489158 (M.D. Tenn. 4/10/13) (dismissed for failure to state a claim upon which relief can be granted); Hamby v. Thomas, 3:13-cv-127, 2013 WL 618430 (M.D. Tenn. 2/19/13) (dismissed for failure to state a claim upon which relief can be granted).