**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7649

KENNETH H. NEWKIRK,

Plaintiff - Appellant,

v.

WARDEN KISER,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Senior District Judge. (7:19-cv-00648-GEC-PMS)

Submitted: June 17, 2020                     Decided: July 16, 2020

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kenneth H. Newkirk, Appellant Pro Se. Margaret Hoehl O'Shea, OFFICE OF THE ATTORNEY GENERAL OF VIRGINA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth H. Newkirk appeals the district court's order denying his application for leave to proceed in forma pauperis (IFP) and dismissing his 42 U.S.C. § 1983 (2018) complaint and motion for a preliminary injunction without prejudice. On appeal, Newkirk challenges the court's conclusion that he failed to adequately allege that he is in imminent danger of serious physical injury. We vacate the district court's order and remand for further proceedings.

Under the Prison Litigation Reform Act, a prisoner like Newkirk, who has had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim, may not proceed without prepayment of fees unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2018). We review de novo a district court's conclusion that a three-strikes litigant has not adequately alleged that he is in imminent danger of serious physical injury. *See Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015).

To satisfy the imminent danger criterion, a prisoner must show that the danger "exist[ed] at the time the complaint or the appeal [wa]s filed, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Id.*; *see Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (reiterating that "a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed"; collecting cases).

2

"[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks omitted). "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007). And, "once a prisoner satisfies the exception to the three-strikes rule and otherwise qualifies for IFP status, the district court must docket the entire complaint and resolve all of its claims, without requiring the upfront payment of the filing fee." *Id.* at 1053-54; *see Chavis v. Chappius*, 618 F.3d 162, 171-72 & n.7 (2d Cir. 2010) (collecting cases).

In his complaint, Newkirk described one incident in which he was allegedly subjected to excessive force and asserted that this was not an isolated occurrence. To the contrary, he claimed that prison staff members regularly assault inmates without cause and threaten inmates who complain. *See Andrews*, 618 F.3d at 1056 ("The common definition of imminent . . . does not refer only to events that are already taking place, but to those events ready to take place or hanging threateningly over one's head." (internal quotation marks omitted)). Accordingly, we conclude that Newkirk articulated "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050; *see Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (reiterating that pro se pleadings must be liberally construed).

3

We vacate the district court's order and remand with instructions that the court grant Newkirk's IFP application so that he may proceed with his complaint. We express no opinion on the merits of Newkirk's allegations, and we deny as moot his motions for bail or release pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*